# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KATHLEEN NOBLES,<br><br>Plaintiff,<br><br>v.<br><br>FRED M. KERN, et al.,<br><br>Defendants. | Case No. 19-cv-07362-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS WITH LEAVE TO AMEND**<br><br>[Re: ECF 22] |

On November 7, 2019, Kathleen Nobles filed suit against Fred M. Kern and Plum Holdings, LLC ("Plum Holdings"), alleging a single count of breach of contract. ECF 1 ("Compl."). Kern and Plum Holdings answered the operative Complaint on December 12, 2019. ECF 11. In that pleading, Kern also asserts two counterclaims against Nobles: a claim for breach of joint venture and a claim for unjust enrichment; the claim for breach of joint venture is also a crossclaim against third-party defendant Brenton A. Hering. ECF 11 at 6-12. Nobles now moves (1) to dismiss the counterclaims against her pursuant to Federal Rule of Civil Procedure 12(b)(6), and (2) to strike certain allegations from Kern and Plum Holdings's pleading pursuant to Federal Rule of Civil Procedure 12(f). ECF 22. As stated at the March 6, 2020 hearing, the Court will GRANT both requests but will allow Kern to amend his counterclaims.

## I.  MOTION TO DISMISS

The Court first addresses Nobles's Rule 12(b)(6) motion. "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

Nobles moves to dismiss both counterclaims as inadequately pled. ECF 22 ("Mot."). Turning to the claim for breach of a joint venture, the parties agree as to the elements necessary to show the existence of a joint venture under California law. *See* Mot. at 5; ECF 30 ("Opp.") at 2-3. They are: "(1) joint interest in a common business; (2) with an understanding to share profits and losses; and (3) a right to joint control." *580 Folsom Assocs. v. Prometheus Dev. Co.*, 223 Cal. App. 3d 1, 15 (1990).

In this case, Kern alleges that he, Nobles and Hering "entered into a joint venture with respect to the real property located at Monte Verde 2NE Third [Avenue, Carmel-by-the-Sea, California]." ECF 11 Counterclaim and Crossclaim ("Counterclaim") ¶ 38. The joint venture is alleged to have been created verbally, in or around 2011. *Id.* ¶¶ 14-15. Specifically, Kern alleges that he, Nobles, and Hering agreed to "pool their resources" to (1) purchase a different property located at Monte Verde 1NE Third Avenue, Carmel-by-the-Sea, California, (2) "transfer water credits from Monte Verde 1NE Third to Monte Verde 2NE Third," (3) "remodel and sell Monte Verde 1NE Third," and (4) use the proceeds from selling Monte Verde 1NE Third plus "further investment" by Kern and Nobles to "build a new home at Monte Verde 2NE Third." *Id.* ¶ 16. According to Kern, he "would have a 51% interest in the venture and Ms. Nobles and Mr. Hering would have a 49% interest." *Id.* ¶ 17. Kern further alleges that any "further investment" needed to build the new home at Monte Verde 2NE Third would come 51% from Kern and 49% from Nobles. *Id.*

According to Kern, the three of them began to carry out the plan in 2012 and 2013: They accomplished items (1) and (2), purchasing Monte Verde 1NE Third and transferring water credits from that property to Monte Verde 2NE Third. Counterclaim ¶¶ 20-21. Additionally, in 2013,

1    construction on the new home at Monte Verde 2NE Third allegedly began. *Id.* ¶ 22. Before
2    construction was completed, however, Nobles allegedly breached the joint venture. *Id.* ¶¶ 24, 39.
3    Kern alleges that she did so by, *inter alia*, "[r]efusing to communicate with Mr. Kern regarding the
4    improvements to Monte Verde 2NE Third" and "refusing to contribute additional monies for their
5    share of the costs to improve Monte Verde 2NE Third." *Id.* ¶ 39; *see also id.* ¶ 24. That allegedly
6    occurred "in or around 2014." *Id.* ¶ 24.

   In her motion, Nobles does not challenge Kern's claim on the ground that Kern failed to plead the creation of a joint venture in 2011. Instead, Nobles argues that even if Nobles was allegedly part of the joint venture prior to 2014, Kern has not plausibly alleged she was still a member of the joint venture after 2014. Mot. at 6. In particular, Kern's own allegations state that "in or around late 2014," after Nobles stopped speaking with Kern, "Mr. Hering asked Mr. Kern if he would agree to proceed with the joint venture . . . if Ms. Nobles was no longer involved" and that Kern "agreed to proceed." Counterclaim ¶ 26. Kern does not respond to this issue in his Opposition. ECF 30 at 4.

   The Court agrees with Nobles that Kern has not plausibly alleged Nobles's continued participation in the joint venture after 2014, after Kern agreed with Hering to proceed without Nobles. That does not necessarily preclude Kern's claim, however, because Kern's theory is that Nobles breached the joint venture beforehand, when she "refused to speak with Mr. Kern" and "refused to contribute any additional monies to the construction of the new house at Monte Verde 2NE Third." Counterclaim ¶ 24. In other words, Kern seems to believe that Nobles's decision to leave the joint venture constituted a breach of the joint venture. The problem is that Kern's pleading does not allege that Nobles was not free to withdraw from the venture at will. *Cf. Second Measure, Inc. v. Kim*, 143 F. Supp. 3d 961, 976 (N.D. Cal. 2015) (holding that Babineau was free to withdraw because "Kim does not allege that he and Babineau formed a partnership for a definite term."). Kern must plead additional details as to the terms of the purported joint venture in order to plausibly establish a breach by Nobles.

   Moreover, Kern alleges other breaches that are undated or appear to occur after Kern's agreement to proceed without Nobles. *See* Counterclaim ¶ 39 (alleging that "Nobles and Hering"

3

1 also breached the joint venture by "[d]emanding that Mr. Kern continue advancing all of the costs
2 to improve Monte Verde 2NE Third; [d]emanding that Mr. Kern execute the Promissory Note
3 Agreement on threat of losing his investment in Monte Verde 2NE Third; [and] [a]ttempting to
4 enforce the Promissory Note Agreement against Mr. Kern in contravention of the joint venture.").
5 Because Kern has failed to plead that Nobles was still part of the joint venture when those actions
6 occurred, they are insufficient to support Kern's claim. The breach of joint venture claim is
7 therefore DISMISSED as to Kathleen Nobles WITH LEAVE TO AMEND.

The unjust enrichment claim is also inadequately pled. At the outset, the Court rejects Nobles's contention that "unjust enrichment is a remedy, not a standalone claim" under California law. Mot. at 7. That is incorrect. In 2017, the Ninth Circuit recognized that the California Supreme Court has "clarified California law, allowing an independent claim for unjust enrichment proceed." *Bruton v. Gerber Prod. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017) (citing *Hartford Casualty Ins. Co. v. J.R. Mktg., LLC*, 61 Cal. 4th 988, 1000 (2015)); *see also In re Burke*, No. 1:09-BK-12469, 2019 WL 6332370, at *3 (B.A.P. 9th Cir. Nov. 25, 2019). It is a claim that "an individual . . . has been unjustly enriched at the expense of another." *Hartford*, 61 Cal. 4th at 998. "Where the doctrine applies, the law implies a restitutionary obligation, even if no contract between the parties itself expresses or implies such a duty." *Id.* Nevertheless, the Court finds that Kern has failed to allege that Nobles "has been unjustly enriched at the expense of another." Kern alleges only that Nobles *will be* unjustly enriched if Nobles's action to enforce the Promissory Note Agreement is successful. Put another way, Kern has not alleged the "receipt of a benefit," the retention of which would be unjust. *Elder v. Pac. Bell Tel. Co.*, 205 Cal. App. 4th 841, 857 (2012). Consequently, the unjust enrichment claim is DISMISSED as to Kathleen Nobles WITH LEAVE TO AMEND.

## II. MOTION TO STRIKE

In addition, Nobles asks the Court to strike Kern's allegations in his pleading that because third-party defendant Hering and Kern are both citizens of Florida, this Court lacks diversity jurisdiction. Mot. at 9; *see* ECF 11, Answer ("Answer") ¶ 4; Counterclaim ¶ 4. Conceding that these allegations are incorrect, Kern does not oppose Nobles's request in his briefing. Opp. at 5.

4

1    The motion to strike is therefore GRANTED.

**III.    ORDER**

For the foregoing reasons, the motion to strike is GRANTED and the motion to dismiss is GRANTED WITH LEAVE TO AMEND. Any amended counterclaims are due by March 30, 2020. Leave to amend is restricted to the defects discussed in this Order and in Nobles's motion; Kern may not add new parties or claims without obtaining prior express leave of the Court.

**IT IS SO ORDERED.**

Dated: March 9, 2020

BETH LABSON FREEMAN
United States District Judge