UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHLEEN NOBLES,<br><br>    Plaintiff,<br><br>v.<br><br>FRED M. KERN, et al.,<br><br>    Defendants. | Case No. 19-cv-07362-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>[Re: ECF 44] |

Plaintiff Kathleen Nobles brings this suit against Defendants Fred Kern and Plum Holdings, LLC (collectively "Defendants") alleging a breach of contract. Compl. ECF 1. On March 5, 2020, Defendants filed a Motion to Transfer Venue ("Motion") to the Middle District of Florida. ECF 44. On April 2, 2020, Plaintiff filed her Opposition to the Motion to Change Venue ("Opp'n"). ECF 59. Defendants have not filed a reply. The Motion is DENIED for the reasons stated below.

I. **BACKGROUND**

On November 7, 2019, Plaintiff Nobles filed a complaint against Defendants in the Northern District of California alleging breach of an August 1, 2015, Promissory Note Agreement (the "Agreement") for $1.5 million. Compl., ECF 1. The terms of the Agreement concern real property owned by Plum Holdings, LLC ("Plum Holdings") on Monte Verde Street in Carmel-by-the-Sea, California (the "Carmel Property"). Compl., Exh. 1 (Promissory Note Agreement) ¶ 1(f). The Agreement is governed by California law. *Id.* ¶ 4.6.

Nobles is a citizen of Tennessee and believes that Kern is a citizen of California. *Id.* ¶¶ 1, 2. Since Kern owns a 100% membership interest in Plum Holdings, Nobles alleges that Plum Holdings is also a citizen of California. *Id.* ¶ 3. On November 14, 2019, Kern was served with process in Carmel as he emerged from the Carmel Property to walk his dog. Affidavit of Reasonable

Diligence of Stephanie Sayler at 3, ECF 17.

On December 12, 2019, Defendants answered Nobles' Complaint and filed a Counterclaim and Crossclaim against Nobles and third-party Defendant Brenton Hering, alleging unjust enrichment and breach of contract.  Answer, Countercl. & Cross-cl., ECF 11.  In the Counterclaim and Crossclaim, Defendants state that Kern is a citizen of Florida, and that Hering[1] is also a citizen of Florida.  Countercl. & Cross-cl. ¶¶ 1, 3 at 6.

On March 5, 2020, Defendants filed a Motion to Transfer Venue.  *See generally*, Motion.

## II. LEGAL STANDARD

This Motion is governed by 28 U.S.C. § 1404(a), which provides in relevant part: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted).

In evaluating a motion under § 1404(a), the Court must first consider whether Plaintiff could have brought the action in the transferee district.  *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).  If the party seeking transfer successfully establishes this threshold requirement, then the Court considers the motion to transfer based on an "individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The Ninth Circuit has identified a number of factors to consider in the process of deciding whether transfer under § 1404(a) is appropriate – for example: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of

---

[1] Hering is Nobles' son.  Nobles Decl. ¶ 2, ECF 59-2.  While Defendants allege that Hering is a resident of Florida, Nobles asserts that she has not had direct contact with him for several months, and that his whereabouts are unknown.  *Id.*

2

1  litigation in the two forums, (7) the availability of compulsory process to compel attendance of
2  unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC*
3  *Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). No single factor is dispositive, and district
4  courts have broad discretion to adjudicate motions on a case-by-case basis. *Ctr. for Biological*
5  *Diversity v. Kempthorne*, No. C08-1339CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008)
6  (citing *Stewart*, 487 U.S. at 29).

### III.  DISCUSSION

Defendants contend that this action should be transferred to the Middle District of Florida for the convenience of the parties. First, Defendants argue that this case could have been brought in Florida because Kern "resides in Florida" and Plum Holdings is also a resident of Florida because it is "100% owned by Kern." Motion at 5 (citing *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.")). Second, Defendants argue that the convenience factors warrant a transfer because "Kern, Plum Holdings, Hering and multiple non-party witnesses" reside in Florida. Motion at 5.

Plaintiff responds that Defendants have failed to establish the threshold requirement that this case could have been brought in California because there is no support in the record to show that Kern resided in Florida on November 7, 2019 – when Nobles filed this case. Opp'n at 7-8. And even if the threshold issue was established, Plaintiff argues, Defendants have failed to show that Florida is clearly more convenient because (1) Defendants have no support for their assertion that Hering and other important witnesses reside in Florida and (2) the Agreement (*i.e.*, the basis for Plaintiff's claim) is governed by California law and the Carmel Property is located in California. *See id.* at 8-10.

The Court agrees with Plaintiff that Defendants have failed to establish the threshold requirement that this action could have been brought in Florida. "The party moving for transfer of a case bears the burden of demonstrating transfer is appropriate." *Saunders v. USAA Life Insurance Co.*, 71 F. Supp. 3d 1058, 1060 (N.D. Cal. 2014) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). And "venue is ordinarily determined at the time an

3

1   action is commenced." *Miyasaki v. Treacy*, No. 5:12-CV-04427-EJD, 2017 WL 4680080, at *4
2   (N.D. Cal. Oct. 18, 2017) (citing *Telefrancia v. Robinson Export & Import Corp.*, 921 F.2d 556,
3   559 (4th Cir. 1990)). "A civil action may be brought in … a judicial district in which any defendant
4   resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. §
5   1391(b)(1). Thus, Defendants must show that they resided in Florida at the time the Complaint was
6   filed on November 7, 2019.

7   In determining where a natural person resides, the Court looks to the judicial district in which
8   that person is domiciled. 28 U.S.C. § 1391(c)(1). "A person's domicile is her permanent home,
9   where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-*
10  *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). On December 31, 2019, Kern filed a declaration
11  – related to a different motion – stating that he "spend[s] time each year in California," but
12  "maintain[s] [his] residence in Florida." Kern Decl. in Opposition to Motion for Writ of Attachment
13  and Preliminary Injunction ("Kern Decl.") ¶ 2, ECF 20-1. Kern further declared that he has a
14  Florida-issued driver's license and is registered to vote in Florida. *Id.* In their Motion, Defendants
15  also assert that Kern receives mail in Florida, but this statement does not appear in his declaration.
16  *See* Motion at 5; *compare with* Kern Decl. Based on these facts, Defendants argue that Kern "resides
17  in Florida." *See* Motion at 5. And because Plum Holdings is 100% owned by Kern, Defendants
18  conclude that Plum Holdings also resides in Florida. *Id.* Notably, Defendants make no
19  representation as to where Kern resided when the case was filed.

20  Even if the Court were to accept that as of December 31, 2019 – when Kern filed his
21  declaration – Kern resided in Florida, there is no basis in the record to show where he resided on
22  November 7, 2019. If anything, the record indicates that Kern resided in Carmel, California at the
23  time the case was filed. In his counterclaim, Kern claims that he intended to live in the Carmel
24  Property until he died and was carried out "in a box." Countercl. ¶¶ 19, 23, ECF 11, *see also* Kern
25  Decl. ¶ 19. Moreover, Kern was served with the Complaint in this case on November 14, 2019, in
26  Carmel as he was leaving the Carmel Property with his dog. *See* Affidavit of Reasonable Diligence
27  of Stephanie Sayler at 3, ECF 17. Defendants have failed to file a reply and respond to or dispute
28  any of these facts.

4

In short, Defendants have not met their burden to show that this case could have been brought in Florida. Thus, the Court does not reach the convenience factors.

## IV. ORDER

For the reasons discussed above, Defendants' Motion to Transfer Venue is DENIED. This Order terminates ECF 44.

**IT IS SO ORDERED.**

Dated: July 9, 2020

BETH LABSON FREEMAN
United States District Judge