**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KATHLEEN NOBLES,<br><br>        Plaintiff,<br><br>    v.<br><br>FRED M. KERN, et al.,<br><br>        Defendants. | Case No. 19-cv-07362-BLF<br><br>**ORDER GRANTING MOTION TO EXPUNGE LIS PENDENS**<br><br>[Re: ECF 45] |

Plaintiff Kathleen Nobles brings this suit against Defendants Fred Kern and Plum Holdings, LLC (collectively, "Defendants") alleging a breach of contract. Compl., ECF 1. On February 13, 2020, Nobles filed a Notice of Pendency Action ("Lis Pendens"), recorded with the Monterey County recorder, affecting title to or right to possess the real property at 2 NE of 3rd Ave. Monte Verde Street, Carmel-by-the-Sea, California (the "Carmel Property"). ECF 40. Pending before the Court is Defendants' Motion to Expunge the Lis Pendens ("Mot."). ECF 45. On April 2, 2020, Plaintiff filed an Opposition to the Motion to Expunge the Lis Pendens ("Opp'n"). ECF 60. Defendants have not filed a reply. The Motion is GRANTED for the reasons discussed below.

**I.    BACKGROUND**

On or about August 1, 2015, Kern purchased a 97% membership interest in Plum Holdings by assuming the obligations of third-party Defendant Brenton A. Hering under a $1.5 million promissory note payable to Nobles. Compl. ¶ 6, *see also* Answer ¶ 6, ECF 11. The terms of this sale is set forth in a Promissory Note Amendment and Assumption Agreement ("Agreement"). *Id.* On or about September 30, 2019, Kern purchased the remaining 3% membership interest in Plum Holdings, making Kern the sole member and 100% owner of Plum Holdings. Compl. ¶ 7, *see also* Answer ¶ 7.

1  Under the terms of the Agreement, dated August 1, 2015, Kern was to pay Nobles the $1.5
2  million principal, plus any accrued interest at an annual rate of 3%. Compl., Exh.1 (Promissory Note
3  Agreement) §§ B, 1(b). Kern was to pay $100,000 at the time of execution of the Agreement, and
4  then monthly payments of $6,324 beginning on November 1, 2016. *Id.* § 1(c). On August 1, 2018,
5  Kern was to make a final balloon payment equal to the entire outstanding principal balance, together
6  with all accrued and unpaid interest. *Id.* § 1(e). He, however, had the right to extend the term of
7  the Agreement at his discretion for an additional two years until August 1, 2020, by giving written
8  notice of extension to Nobles prior to August 1, 2018. *Id.* § 1(d). The Agreement also explicitly
9  notes that if the Carmel Property is sold, Kern will pay the full amount of the Agreement by no later
10 than ten days after the closing date of the sale. *Id.* § 1(f).

11 A set of additional amendments, dated August 10, 2015, establish that if the monthly
12 payments are not paid within 60 days of the due date, all assets of Plum Holdings are to be liquidated
13 within 120 days and the balance on the Agreement will be paid in full. Compl., Exh. B (Additional
14 Amendments).

15 Pursuant to the terms of the Agreement, Kern paid the initial $100,000 on or about August
16 19, 2015, $12,648 on December 1, 2016 (reflecting monthly payments for November and December
17 2016), and $37,944 on or about June 9, 2017 (reflecting monthly payments for January through June
18 2017). Compl. ¶ 10, *see* Answer ¶ 10. However, no further payments have been made since. *Id.* ¶
19 11. On November 7, 2019, Nobles filed this action.

20 On January 31, 2020, Nobles recorded a Lis Pendens with the Monterey Country Clerk-
21 Recorder, giving notice of the pendency of this action. *See* Lis Pendens. On March 5, 2020, Kern
22 filed this Motion to Expunge Lis Pendens. *See* Mot.

23 **II.   LEGAL STANDARD**

24 The California statutory lis pendens scheme extends to the federal district courts. Cal. Civ.
25 Proc. Code § 405.5; *U.S. v. Real Prop. & Improvements Located at 1419 Camellia Drive, E. Palo*
26 *Alto, Cal.*, No. C 09-02577 CW, 2009 WL 3297321, at *4 (N.D. Cal. Oct. 13, 2009). Thus,
27 "[f]ederal courts look to state law regarding matters pertaining to lis pendens." *Cua v. Mortg. Elec.*
28 *Registration Sys., Inc.*, No. C 09-01605 SBA, 2012 WL 2792437, at *1 (N.D. Cal. July 9, 2012)

1  (citing 28 U.S.C. § 1964). Accordingly, federal district courts apply California law when ruling on a motion to expunge a lis pendens. *See Farahani v. Cal-Western Reconveyance Corp.*, No. C 09-194-JF (RS), 2009 WL 1309732 (N.D. Cal. May 8, 2009) (applying California law in expunging lis pendens).

"A valid lis pendens provides constructive notice that a pending case might affect an interest in real property." *Bressani Construction Inc. v. Canyon Building & Design, LLC*, No. 15-CV-03539-HRL, 2015 WL 5996371, at *1 (N.D. Cal. Oct. 15, 2015) (citing *BGJ Associates, LLC v. Superior Court*, 75 Cal. App. 4th 952, 966 (1999)). After a notice of lis pendens is filed, "any party, or nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice." Cal. Civ. Proc. Code § 405.30. Under California law, "[t]he court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence that the underlying action affects title to or right of possession of the real property, and the probable validity of the real property claim." Cal. Civ. Proc. Code § 405.32; *see also Farahani*, 2009 WL 1309732, at *2; *Urez Corp. v. Superior Court*, 190 Cal. App. 3d 1141, 1145 (Ct. App. 1987). Unless the complaint specifically sets forth some cause of action affecting the title or right of possession of the specific real property described in the lis pendens, "the lis pendens becomes a nullity, an unwarranted cloud on the title of the property it describes and the court having jurisdiction of the main action may on proper notice expunge the record of a lis pendens improperly recorded." *Brownlee v. Vang*, 206 Cal. App. 2d 814, 817 (Ct. App. 1962).

### III.   DISCUSSION

Kern seeks to expunge the Lis Pendens, noting that Nobles has no right, title, or interest in the Carmel Property. Mot. at 3. Nobles argues that the Promissory Note Agreement specifically requires Kern and Plum Holdings to sell the Carmel Property, and that therefore the Complaint would affect both title to and possession of the subject property. Opp'n at 3, ECF 60.

In drafting the lis pendens statute, the legislature took no position in defining when "a constructive trust [or equitable lien] as to real property constitutes a 'real property claim' so as to justify a lis pendens." *Campbell v. Superior Court*, 132 Cal. App. 4th 904, 916 (2005). Indeed, the

law in this area is left for judicial development. *Id.* Allegations against real property that act "only as a collateral means to collect money damages" do not support a lis pendens. *Estate of McLaughlin v. Owens*, No. 5:11-CV-02287 EJD, 2012 WL 893155, at *2 (N.D. Cal. Mar. 14, 2012) (citing *Lewis v. Sup. Ct.*, 30 Cal. App. 4th 1850, 1862 (1994)). The purpose of the lis pendens statute is not to provide plaintiffs with additional leverage for negotiating purposes. *Urez*, 190 Cal. App. 3d at 1149. "The doctrine of lis pendens is illustrative of the universal presumption that real property is unique, and that its loss is not compensable in money damages." *Campbell*, 132 Cal. App. 4th at 917. This underlying rationale is supported by the lis pendens statute itself, which provides that "[a] lis pendens must be expunged where the 'court finds that the real property claim has a probable validity, but adequate relief can be secured to the claimant by the giving of an undertaking.'" *Id.* (citing Cal. Civ. Proc. Code § 405.33).

Furthermore, the history of the lis pendens statute points to a legislative intent that the statute is meant to restrict, rather than to broaden, the application of the common law remedy. *Goens v. Blood*, No. 19-CV-02299 W (KSC), 2020 WL 515966, at *3 (S.D. Cal. Jan. 31, 2020) (citing *BGJ*, 75 Cal. App. 4th at 966). This is because "the practical effect of a recorded lis pendens is to render a defendant's property unmarketable and unsuitable as security for a loan." *Castro v. Saxon Mortg. Services, Inc.*, No. C 09-0030 PJH, 2009 WL 837589, at *2 (N.D. Cal. Mar. 27, 2009) (citing *Kirkeby v. Superior Court*, 33 Cal. 4th 642 (2004)). This exerts a considerable financial pressure on the property owner, and could force him to settle, not due to the merits of the suit, but rather to "to rid himself of the cloud upon his title." *Id.* "The potential for abuse is obvious." *Id.* Therefore, "lis pendens is a provisional remedy which should be applied narrowly." *Urez*, 190 Cal. App. 3d at 1145; *Goens*, 2020 WL 515966, at *3 (citing *BGJ*, 75 Cal. App. 4th at 966).

Here, the Court agrees with Defendants that the Complaint is an action for money damages, and that therefore a lis pendens is not warranted. *See* Mot. at 4. Nobles seeks to recover the full amount Defendants owe her under the Agreement by demanding (1) an accounting that identifies all of Plum Holdings' assets; (2) sale of the Carmel Property (and liquidation of Plum Holdings' other assets); and (3) application of the proceeds to the amount due to Nobles under the Agreement. *See* Compl. at 6-7 (prayer for relief). There is no request regarding transfer of the Carmel Property

and Nobles does not allege any interest in the title or possession of the Carmel Propery. *See generally* Compl. She simply seeks to recover the unpaid principal of $1,409,740 she is allegedly owed under the Agreement. *See* Compl. ¶ 15. Nobles did not record the lis pendens to give "notice of the pendency of an action in which a real property claim [was] alleged." Cal. Civ. Proc. Code § 405.2. Instead, Nobles recorded the lis pendens in an attempt to satisfy a money judgment against Kern. *See Behniwal v. Mix*, 147 (Cal. App. 4th 621, 638 (2007) (emphasizing "the difference between a money judgment which can be the basis of a judgment lien and litigation involving a 'real property claim' that can be the basis of a notice of lis pendens"). "To freeze the [Carmel Property] as a res from which to satisfy a money judgment is inconsistent with the history and purpose of the lis pendens statutes." *Campbell*, 132 Cal. App. 4th at 918-19.

Moreover, the validity of the Lis Pendens in the case at bar is separate from the outcome of the underlying suit. Nobles argues that her Complaint seeks specific performance of the Promissory Note Agreement, which "requires on default the liquidation of all property, including the Carmel [Property]." Opp'n at 4. She adds that this case is unique because in similar transactions in California, "the holder of the note would receive a Deed of Trust or similar instrument that could be recorded against the real property to protect the holder's interests" – but Nobles was not given such protections under the Agreement. Opp'n at 3. Of course, that is not the deal she struck with Defendants and she has no basis to unilaterally modify that agreement here.

Nobles compares the current situation to cases where a plaintiff seeks specific performance of a real property purchase and sale agreement. Opp'n at 3. This, she avers, makes hers a real property claim. *Id*. The Court disagrees. While it is true that Nobles seeks an order requiring Defendants to sell the Carmel Property and pay her, the nature of her claim remains the same: she seeks money damages from the proceeds of the sale of the Carmel Property – not a right to title or possession of the Carmel Property. Accordingly, her breach of contract claim in this lawsuit does not warrant a lis pendens under California law.

**IV. ORDER**

For the reasons discussed above, Defendants' Motion to Expunge Lis Pendens at ECF 45 is GRANTED.

**IT IS SO ORDERED.**

Dated: July 9, 2020

_____
BETH LABSON FREEMAN
United States District Judge