United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHLEEN NOBLES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRED M. KERN, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07362-BLF<br><br>**ORDER DENYING DEFENDANT AND CROSS-CLAIMANT FRED KERN'S MOTION FOR LEAVE TO SERVE BY PUBLICATION AND DISMISSING KERN'S CROSSCLAIMS AGAINST BRENTON A. HERING WITHOUT PREJUDICE**<br><br>[Re: ECF 70] |

　　　　Before the Court is a motion for leave to serve third-party defendant Brenton A. Hering ("Hering") by publication filed by Defendant, Counterclaimant, and Cross-claimant Fred M. Kern ("Kern"). Def., Fred Kern's Resp. to Court's Order to Show Cause and Verified Mot. for Leave to Serve Hering by Publication ("Mot."), ECF 70. For the reasons stated below, Kern's motion for leave to serve Hering by publication is DENIED and his crossclaims against Hering are DISMISSED WITHOUT PREJUDICE.

**I.　BACKGROUND**

　　　　On November 7, 2019, Plaintiff Kathleen Nobles ("Nobles") filed suit against Kern and Plum Holdings, LLC ("Plum Holdings"), alleging a single count of breach of contract. Compl., ECF 1. Kern and Plum Holdings answered the operative Complaint on December 12, 2019. ECF 11. In that pleading, Kern asserted two counterclaims/crossclaims against Nobles and her son, third-party defendant Hering. ECF 11 at 6-12. On December 13, 2019, summons was issued as to Hering. ECF 13. Nobles filed a motion to dismiss the counterclaims and to strike certain allegations from Kern and Plum Holdings's pleading. ECF 22. The Court granted the motion with leave to amend the counterclaims. ECF 50. On April 13, 2020, Kern filed his amended counterclaims and

1 crossclaims. ECF 62.

2 On June 5, 2020, the Court issued an order to show cause regarding service of Hering. ECF 66. The Court ordered Kern and Plum Holdings to file proof of service or show cause why Mr. Hering should not be dismissed for failure to serve, no later than July 14, 2020. *Id*. On July 14, 2020, Kern filed a response to the Court's order to show cause and a verified motion for leave to serve Hering by publication. Mot. In his verified motion, Kern alleges that Hering is actively avoiding service. Mot. at 2, ¶ 1. Counsel for Hering in an unrelated matter has refused to accept service and declined to respond to requests regarding Hering's current location. *Id*. The address and telephone number provided by Hering's mother, Nobles, are no longer valid. *Id.* at 2-3, ¶ 2. Kern's counsel hired two private investigators to locate Hering and both have been unsuccessful. *Id.* at 3, ¶ 3. According to Kern, Hering is unemployed and is believed to be "living in and driving a recreational vehicle that may not be titled in his name anywhere within the United States or perhaps Canada." *Id.* at 3, ¶ 5.

On July 15, 2020, Nobles filed an objection to Kern's motion for alternative service. Obj. of Pl. Kathleen Nobles to Req. of Def. Fred Kern to Serve Bret Hering by Publication ("Obj."), ECF 71. Nobles contends that Kern offers no explanation or justification for making the belated request to provide alternative service since it has been 125 days after the deadline for service expired. Obj. at 1. According to Nobles, Kern had ample time to request an extension of time to effectuate service or request service by publication but failed to do so. *Id.* at 1-2. Nobles further asserts that allowing Kern additional time to serve Hering by publication would result in delay in future proceedings and throw the litigation and trial calendar off track. *Id.* at 2.

**II.  DISCUSSION**

    **A.  Motion for Leave to Serve Hering by Publication**

        **1.  Legal Standard**

Federal Rule of Civil Procedure 4(e)(1) allows service "in a judicial district of the United States" by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under the California Code of Civil Procedure, "[a] summons may be served by

1   publication if upon affidavit it appears to the satisfaction of the court in which the action is pending
2   that the party to be served cannot with reasonable diligence be served in another manner specified
3   in this article." Cal. Civ. Proc. Code § 415.50(a).

In determining whether a plaintiff has exercised "reasonable diligence," courts examine the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement denotes "a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Cummings v. Brantley Hale*, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (citing *Bd. Of Trustees of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 337-38 (2013)). Due to due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333.

In addition to showing diligence, a party seeking service by publication must show that a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). The party must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *Cummings*, 2016 WL 4762208, at *2 (citing *McNamara v. Sher*, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012)); *see also Zhang v. Tse*, No. C 05-2641 JSW, 2012 WL 3583036, at *3 (N.D. Cal. Aug. 20, 2012) (collecting cases).

**2. Analysis**

The Court denies Kern's motion for leave to serve Hering by publication under Cal. Civ. Proc. Code § 415.50 for two reasons: (1) Kern failed to show reasonable diligence in serving Hering and (2) Kern failed to file submit a sworn statement of facts to establish the existence of a cause of action against Hering.

Kern has failed to show reasonable diligence. Kern had 90 days to serve Hering under Fed. R. Civ. P. 4(m), and that deadline expired on March 11, 2020. Kern had ample time to seek extension of time to serve Hering or move for leave to provide service by alternative means, but he failed to take any measures. *See C & SM Int'l v. Mintsnow*, 2018 WL 5937724, at *1 (C.D. Cal. Jul. 19, 2018) (holding that the plaintiff failed to establish its diligence in serving the defendant

1  because the plaintiff neither sought extension of time to serve nor moved for leave to conduct
2  discovery until after the Rule 4(m) deadline had expired, and the plaintiff only filed its ex parte
3  application after the Court issued an order to show cause).  Kern filed the instant motion only in
4  response to the Court's order to show cause, and he did so on July 14, 2020, the last day permitted
5  to file a response.  *See* Mot.  Reasonable diligence requires a party to take action proactively under
6  the circumstance.  Moreover, Kern's attorney does not mention when he attempted to serve Hering
7  or state that ***any*** of his efforts to serve Hering were made in the first 90 days.  *See generally, id*.
8  Further, Kern did not mention any reason for his failure to serve Hering until 125 days past the
9  deadline of service.  *See id*.  Despites his stated efforts, the Court lacks any basis to infer that Kern
10 attempted to serve Hering with reasonable diligence within the 90-day window.  Accordingly,
11 Kern's motion is denied because he has failed to show reasonable diligence.

12 In addition, Kern did not file an affidavit demonstrating that he has a claim against Hering
13 as required by Cal. Civ. Proc. Code § 415.50.  Although the Court accepts Kern's verified motion
14 as an affidavit, the verified motion only provides support for his effort in serving Hering.  *See*
15 *Johnson v. Meltzer*, 134 F.3d 1393, 1400 (9th Cir. 1998) ("Like a verified complaint, a verified
16 motion functions as an affidavit.").  Kern fails to provide any "independent evidentiary support …
17 for the existence of a cause of action against the defendant."  *See Cummings*, 2016 WL 4762208, at
18 *2.  The Court thus denies Kern's motion to serve Hering by publication because his motion did not
19 comply with the requirements of Cal. Civ. Proc. Code § 415.50.  *See Hernandez v. Srija, Inc.*, 2019
20 WL 4417589, at *3 (N.D. Cal. Sep. 16, 2019) (denying motion for leave to provide service by
21 publication because the plaintiff failed to submit an affidavit to establish a cause of action against
22 the defendant).

### B.  *Sua Sponte* Dismissal of Hering without Prejudice

#### 1. Legal Standard

Pursuant to Federal Rule of Civil Procedure 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate

4

period.

Fed. R. Civ. P. 4(m). Plaintiff bears the burden to establish good cause. *Id*. "The 90-day window to serve runs from the filing of the first complaint in which the defendant is named and does not restart each time the plaintiff files a new amended complaint." *Pine v. City of Oakland*, 2020 WL 2512404, at *4 (N.D. Cal. May 16, 2020) (citing *Jen v. City & Cty. Of San Francisco*, 2018 WL 1524049, at *1 (N.D. Cal. Mar. 28, 2018)).

### 2. Analysis

The Court dismisses Kern's crossclaim *sua sponte* because Kern failed to serve Hering within 90 days after the crossclaim was filed and has failed to demonstrate good cause for the delay. *See* Fed. R. Civ. P. 4(m). Hering was named as a third-party defendant for the first time in Kern's pleading on December 12, 2019. ECF 11. The 90-day window to serve started to run on the same day and expired on March 11, 2020. *See Pine*, 2020 WL 2512404, at *4. Kern failed to effectuate service before the deadline expired or to ask for extension. *See* ECF 66. Kern also fails to establish good cause. *See* Fed. R. Civ. P. 4(m). When Kern finally filed a motion for alternative service, he only did so on the last possible day in response to the Court's Order to Show Cause – 125 days after the deadline to serve Kern expired. It is not clear whether any of Kern's attempts in serving Hering were made before the deadline. *See* Mot. Moreover, Kern had plenty of time to raise issues he was experiencing in serving Hering, but he failed to do so and did not provide sufficient justification in his motion. *See* Mot.; *C & SM Int'l v. Mintsnow*, 2018 WL 5937724, at *1 (holding that the plaintiff failed to show good cause because the plaintiff did not seek extension of time to serve the defendants or move for leave to conduct discovery until after the Rule 4(m) deadline had expired). Thus, the Court concludes that Kern has failed to demonstrate good cause for his delay in serving Hering and his crossclaim should be dismissed.

Pursuant to Rule 4(m), the Court must dismiss the case without prejudice or order that service must be made within a specified time. Fed. R. Civ. P. 4(m). The Court dismisses Kern's crossclaim because allowing him additional time to serve Hering would be futile. The Court has now denied Kern's motion for leave to serve by publication, and Kern asserts that he already exhausted other methods. *See* Mot. Furthermore, allowing Kern additional time to serve Hering –

for which he has not demonstrated good cause – would delay the resolution of this case. Under the Court's Case Management Order, a final Pretrial Conference is set for December 17, 2020, and a trial is scheduled on January 11, 2020. ECF 51. Granting Kern additional time to effectuate service would result in significant delays in the upcoming proceedings and potential prejudice to Nobles. *See* Obj. at 2-3; *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to manage their own dockets). The Court thus dismisses Kern's crossclaim against Hering without prejudice.

### III.  ORDER

For the foregoing reasons, the Court DENIES Kern's motion for leave to serve Hering by publication and DISMISSES Kern's crossclaims against Hering WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: July 21, 2020

_____
BETH LABSON FREEMAN
United States District Judge